FILED

SEP 23 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EMMANUEL ANDRES SERRANO, | No. 05-75410 |
| Petitioner, | Agency No. A040-491-882 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Emmanuel Andres Serrano, a native and citizen of the Philippines, petitions

for review of the Board of Immigration Appeals' ("BIA") order summarily

affirming an immigration judge's ("IJ") removal order.  We have jurisdiction under

8 U.S.C. § 1252.  We review de novo questions of law, *Vargas-Hernandez v.*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Gonzales*, 497 F.3d 919, 921 (9th Cir. 2007), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary denial of relief under former section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (repealed 1996). *See* 8 U.S.C. § 1252(a)(2)(B)(ii); *Vargas-Hernandez*, 497 F.3d at 923 ("Discretionary decisions, including whether or not to grant § 212(c) relief, are not reviewable."). Serrano does not raise a colorable due process challenge to the discretionary determination. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). Because the discretionary determination is dispositive, we do not reach Serrano's remaining contentions regarding his eligibility for section 212(c) relief.

The BIA did not act ultra vires or violate due process when it remanded Serrano's case to the IJ for entry of an order of removal. *See Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (overruling *Molina-Camacho v. Ashcroft*, 393 F.3d 937 (9th Cir. 2004) and explaining that the BIA may reinstate an IJ's underlying removal order).

The government's motion to hold proceedings in abeyance is denied as moot.

**PETITION FOR REVIEW DISMISSED in part;  DENIED in part.**